UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL HARRIS, | ) | CASE NO. 1:10CV02351 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD MORGAN, Warden, | ) | **MEMORANDUM OF OPINION AND** |
| Southern Ohio Correctional Facility, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on Petitioner Nathaniel Harris' ("Petitioner") objections to the Magistrate Judge's Report and Recommendation filed on November 2, 2011 ("R&R").  Doc. 12.  In his petition, Petitioner stated four grounds for relief. In his Traverse, Petitioner withdrew Ground Two of his petition. Petitioner objects to the R&R on each of the remaining grounds. For the following reasons, Petitioner's objections are DENIED.  This Court finds that Grounds One and Three of Petitioner's claims are procedurally defaulted and ADOPTS the Magistrate decision in the R&R.  Doc. 12.  This court also finds that Ground Four of Petitioner's claim is partially procedurally defaulted and the remainder of the claim lacks merit; therefore, the Court ADOPTS the Magistrate decision in the R&R.  Doc. 12.

The R&R adequately states the factual and procedural history of this matter.  Petitioner has demonstrated no error in that background and history, so the Court will not reiterate those sections herein.

I.      STANDARD OF REVIEW

The Magistrate Judge concluded that all of the claims asserted in the Petition should be DENIED, and the case DISMISSED. If a party files written objections to a magistrate judge's report and recommendation a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge

of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636 (b)(1).

The Court has conducted a de novo review of those portions of the R&R to which Petitioner has objected. Petitioner objected to the R & R, raising at least one objection to the Magistrate Judge's analysis of each of the three grounds.  In large part, Petitioner's "Objections" merely recite portions of his Petition and Traverse. These portions of Petitioner's "Objections" are not objections, but literally restatements of arguments he has previously argued in his Traverse and Petition; and the Magistrate Judge addressed these arguments in her R&R. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D.Mich. 2004)).  Such "general objections" are a duplication of time and effort and a waste of judicial resources as they do not serve the purposes of Federal Rule of Civil Procedure 72(b). *See Cvijetinovic v. Eberlin*, 617 F.Supp.2d 620, 631 (N.D. Ohio 2008) (*citing Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D.Ohio Apr.7 2006) (Manos, J.)).  The Court is not required to perform a duplicative review of Petitioner's "objections" that fall outside the purpose Federal Rule of Civil Procedure 72(b).

## II.    LAW AND ANALYSIS

### A.    *Exhaustion and Procedural Default*

Before a state prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he must exhaust his state court remedies by fairly presenting all of his constitutional claims to the highest state court, and to all appropriate state courts prior to that. 28

U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires that the applicant provide state courts the opportunity to act on his claims before bringing the claims to federal court in a writ for habeas corpus. *O'Sullivan*, 526 U.S. at 842. Exhaustion is complete when a petitioner presents all of his claims to the highest court where the petitioner was convicted because this action gives the state a full and fair opportunity to decide petitioner's claims. *Id.*

Procedural default occurs when the petitioner fails to fairly present his federal constitutional claim to the state courts in the manner required by state law. *Thompson v. Bell*. 580 F.3d 423, 437 (6th Cir. 2009) (citations omitted); *Wainwright v. Sykes*, 433 U.S. 72, 86–87 (1977).  By failing to present a claim petitioner waives the argument for further review unless the petitioner can present cause for the default and actual prejudice from the constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). Absent unusual and compelling circumstances, a federal court must dismiss a petition if it contains at least one claim that has yet to be exhausted in state court. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Granberry v. Greer*, 481 U.S. 129 (1987).

A federal court must conduct a four-step analysis to determine whether a petitioner failed to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* (citations omitted). "Second, the court must decide whether the state courts actually enforced the state procedural sanction." *Id.* (citations omitted). Third, the state procedural forfeiture must be an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, the petitioner must show that there was "cause" for him not to follow the rule and that he

was actually prejudiced by the error. *Id.* The burden is on the petitioner to show that actual prejudice resulted from the alleged constitutional error; the mere possibility of prejudice is not enough.  *Id.* (citations omitted).

### B.    *Objections*

#### i.    **Ground One**

Ground One of the Petition states:

PETITIONER'S 6TH AND 14TH AMENDMENT RIGHTS WERE VIOLATED WHERE NEITHER THE INDICTMENT, THE BILL OF PARTICULARS, NOR THE COURT'S INSTRUCTION TO THE JURY SPECIFIED THE "CRIMINAL OFFENSE" THAT WAS THE "PURPOSE" OF THE TRESPASS [ALLEGED IN THE AGGRAVATED BURGLARY CHARGE].

It is undisputed that Petitioner failed to raise Ground One on direct appeal to the State court of appeals. In determining whether Petitioner's failure to raise Ground One in the state court of appeals bars habeas review, the Court must undertake the four-part analysis set forth in *Maupin v. Smith*.  785 F.2d at 138.  Petitioner does not object to the Magistrate Judge's findings as to the first, second, and third prongs of the *Maupin* test for procedural default. Petitioner objects only to the Magistrate Judge's decision that Petitioner failed to show cause to excuse his procedural default of Ground One under the fourth prong of the *Maupin* test. See *Id.*  As an excuse for this failure, Petitioner asserts ineffective assistance of appellate counsel.  Specifically, Petitioner argues that trial and appellate counsel were deficient for failing to raise his Ground One appeals earlier. Petitioner raised this claim for the first time during his appeal to the Supreme Court of Ohio.

A claim for ineffective assistance of appellate counsel can be cause to excuse a procedural default and is not procedurally defaulted itself when first raised before the Ohio Supreme Court. *Thompson v. Warden, Belmont Correctional Institution*, 598 F.3d 281, 285 (6th

Cir. 2010). To prove ineffective assistance of counsel, the petitioner must show that "counsel performed deficiently and that the [petitioner] was prejudiced by counsel's deficient performance." *Id.* citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Petitioner must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 669. A reviewing court must look at the surrounding circumstances and afford a high degree of deference to counsel when determining whether counsel's representation was reasonable. *Thomas*, 598 F.3d at 285.  Petitioner must also show "a reasonable probability that, but for his counsel's unreasonable failure to" raise his notice claim on appeal, "he would have prevailed." *Id.* at 285-86.

In his objection to the R&R, Petitioner argues that the Magistrate Judge erred in finding that neither his trial nor appellate counsel was ineffective. Petitioner asserts that his counsel fell below an objective standard of care by failing to argue that the indictment failed to provide proper notice to the Petitioner with respect to the aggravated burglary charge. As the R&R correctly concluded, Petitioner's counsel did not fall below an objective standard of care for attorneys.  Counsel does not act deficiently by failing to raise a claim that is "virtually certain to be rejected" in a state court. *Thompson*, 598 F.3d at 287. An indictment gives the accused notice of the elements of the offense on which he is charged so that the accused has a fair opportunity to defend against that charge. *State v. Sellards*,  17 Ohio St.3d 169, 170 (1985). An indictment is valid and gives proper notice to the accused if it tracks the language of the statute. *State v. Skatzes*, 104 Ohio St.3d 195, 199 (2004). Ohio's aggravated burglary states:

> "[n]o person, by force, stealth, or deception, shall trespass in an occupied structure … when another person other than an accomplice of the offender is present, with purpose to commit in the … any criminal offense, if … [t]he offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."

Ohio Rev. Code §2911.11(A)(2). Petitioner's indictment tracked the language of the aggravated

burglary statute stating that he:

> "did by force, stealth, or deception, trespass in an occupied structure, as defined in
> Section 2909.01 of the Revised Code, or in a separately secured or separately
> occupied portion of any occupied structure (Hyatt Hotel) when Michael Parks
> and/or guests and employee, not accomplices of the offenders, were present, with
> the purpose to commit therein any criminal offense and while having a deadly
> weapon or dangerous ordinance, as defined in Section 2923.11 of the Revised
> Code, to-wit: gun/firearm, on or about their person or under their control."

Thus, Petitioner's counsel did not act deficiently by failing to raise his notice claim in the court

of appeals. The notice claim was virtually certain to be rejected based on the fact that the

indictment provided legally sufficient notice of the charges. Accordingly, Petitioner's objection

to the Magistrate Judge's conclusion that Ground One was procedurally defaulted is

OVERRULED.

### ii.     Ground Three.

Ground Three of the Petition states:

PETITIONER WAS DENIED DUE PROCESS BY THE STATE'S
DESTRUCTION OF AND/OR FAILURE TO PRESEVE MATERIALLY
EXCULPATORY EVIDENCE.

Petitioner failed to raise this claim to the Ohio Supreme Court in his direct appeal, but

offers two explanations why his procedural default should be excused.   First, Petitioner argues

that his procedural default is excused because Petitioner's co-defendant, Marious Sowell

("Sowell"), was denied relief based on this claim during his own direct appeals, and, therefore,

for Petitioner to raise the claim would have been futile. Second, Petitioner argues that the

Magistrate Judge misapplied the standard for reviewing claims of "actual innocence."

Petitioner first argues that procedural default should be excused because his co-

defendant, Sowell, properly raised the destruction of evidence claim in his state court appeals,

which were rejected. Petitioner further argues that because Sowell raised this same claim on appeal, this Court should take judicial notice that the claim was properly presented to the state courts on behalf of Petitioner. The habeas statute provides that an application for a writ of habeas corpus will be denied unless it appears that "the applicant has exhausted the remedies available in the court of the State." 28 U.S.C. §2254(B)(1)(A) (emphasis added). A plain reading of the statute mandates the habeas petitioner, as "the applicant", to exhaust all available state remedies, not a petitioner's co-defendant.

Further, any argument that the objection was not raised because it would have been futile does not excuse Petitioner's procedural default. *Engle v. Isaac*, 456 U.S. 107, 130 (1982) (An argument that an objection in the state court would have been futile does not alone excuse procedural default.).  The petitioner cannot avoid presenting a constitutional claim to the state court simply because he believes the court will reject it. *Id.* Even if the Petitioner believed that the argument was futile based upon the adjudication of the appeals of his co-defendant, Petitioner must exhaust all of *his* claims at every level in state court. His failure to do so bars review of his habeas corpus petition on this ground. In accordance with the plain language of Ohio and U.S. Supreme Court precedent, the Court rejects Petitioner's argument.

Petitioner's second argument is that his procedural default should be excused based on his "actual innocence". To excuse procedural default under this basis, the petitioner must show that new evidence is available that makes it more likely than not that a reasonable juror would not have convicted him. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  New evidence is additional information that was not available nor presented to the jury at trial. *Chavis-Tucker v. Hudson*, 248 Fed.Appx. 125, 135 (6th Cir. 2009). Instead of showing new evidence, Petitioner claims that video surveillance destroyed or withheld by the prosecution proved his innocence. The video

surveillance is not new evidence. In fact, the content of the video was discussed during witness testimony at trial. (See Doc. 9, Tr. Vol. II, record pp 711-12, Tr. Vol. IV, record pp. 1101-02, Tr. Vol. II, record pp.711-12). The standard for demonstrating new evidence is a demanding one and only applies in extraordinary circumstances. *House v. Bell*, 547 U.S. 518, 538 (2006). Because Petitioner failed to bring forth new evidence that makes it more likely than not that a reasonable juror would find him not guilty, Petitioner has failed to show cause for his procedural default on Ground Three.   Therefore, Petitioner's objection to the Magistrate Judge's conclusion that Ground Three was procedurally defaulted is OVERRULED.

### iii.     Ground Four

Ground Four of the Petition states:

PETITIONER'S CONVICTIONS VIOLATE DUE PROCESS BECAUSE THERE WAS INSUFFICIENT EVIDENCE FROM WHICH A REASONABLE FACTFINDER COULD HAVE FOUND GUILTY BEYOND A REASONABLE DOUBT.

a.  Partial Procedural Default

In Ground Four, Petitioner argues that the State failed to present sufficient evidence with respect to his convictions for aggravated burglary, tampering with evidence, having a weapon under disability, and failure to comply. Although Petitioner cited each of these convictions on his direct appeal to the Ohio court of appeals, Petitioner failed to cite his convictions for having a weapon under disability and failure to comply on his appeal to the Ohio Supreme Court.

Petitioner objects to the R&R's finding that he partially procedurally defaulted on Ground Four of his petition with respect to his convictions for having a weapon under disability and failure to comply.  Petitioner argues that the general statements in his memorandum in support of jurisdiction were meant to encompass all of his underlying convictions and that the

matters would have been thoroughly briefed in his merit brief had the appeal been accepted for review by the Ohio Supreme Court.  This Court agrees with the Magistrate's R&R and finds that Petitioner failed to present to the Ohio Supreme Court his claims regarding his convictions for having a weapon under disability and failure to comply and, therefore, failed to preserve these two claims for habeas review.  Accordingly, Petitioner procedurally defaulted his sufficiency of evidence claims with regard to his convictions for having a weapon under disability and failure to comply and those claims are, hereby dismissed with prejudice.

> b.  Merits Review

Petitioner objects to the Magistrate's finding that the evidence was sufficient to support his convictions for aggravated burglary and tampering with evidence. Specifically, Petitioner argues that there was no evidence that Petitioner aided and abetted Sowell in possessing or disposing of the gun in the grease trap. Doc. 12, pp. 20-21. Because Petitioner's sufficiency of the evidence claim has been adjudicated on the merits in a state court proceeding, the AEDPA standard of review applies. Under the AEDPA, a writ of habeas corpus shall be granted if the adjudication of the claim:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). There is sufficient evidence to support a finding of guilt beyond a reasonable doubt if, after viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (emphasis in original). Circumstantial evidence

is afforded the same weight as direct evidence and may support a conviction. *U.S. v. Prince*, 214 F.3d 740 (6th Cir. 2000).

Petitioner argues that the evidence was insufficient to prove beyond a reasonable doubt that he had a "deadly weapon or dangerous ordnance on or about [his] person or under his control." Ohio Rev. Code §2911.11 (A)(2). Petitioner also argues that the evidence was insufficient to prove beyond a reasonable doubt that he altered, destroyed, concealed, or removed evidence with knowledge that an investigation was in progress or likely to be instituted. Ohio Rev. Code. §2921.12(A).  After conducting an independent review of the record, this Court finds that sufficient evidence existed for a rational juror to have found that Petitioner committed the offenses of aggravated burglary and tampering with evidence. Therefore, this Court OVERRULES Petitioner's objection to the Magistrate Judge's decision dismissing Ground Four of Petitioner's application for a writ of habeas corpus.

## III.   Conclusion

This Court finds no merit to the objections raised by Petitioner. Therefore, Petitioner's objections are OVERRULED. The Court ADOPTS the Report and Recommendation of Magistrate Judge Burke. The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

DATE: June 28, 2012                    */s/ John R. Adams*_____
                                        Judge John R. Adams
                                        UNITED STATES DISTRICT COURT